IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINA H.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 24 C 1022 |
| v. | ) |
| | ) Magistrate Judge |
| LELAND DUDEK,[2] Acting | ) Maria Valdez |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Gina H.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Martin O'Malley resigned as Commissioner of Social Security on November 29, 2024, and Leland Dudek was appointed as the Acting Commissioner of Social Security on February 19, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek is substituted for Martin O'Malley as the defendant in this suit.

## BACKGROUND

### I. PROCEDURAL HISTORY

On November 18, 2021, Plaintiff filed applications for DIB and SSI, alleging disability since December 31, 2018. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 11, 2023. Plaintiff appeared telephonically and testified at the hearing and was represented by counsel. Vocational expert ("VE") James Breen also testified.

On July 6, 2023, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 31, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: osteoarthritis, fibromyalgia, soft tissue injury, anxiety and ADHD. The ALJ concluded at step three that her impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to work with the following limitations: She can lift and/or carry up to 20 pounds occasionally and 10 pounds frequently. She is able to stand and/or walk for a total of about 6 out of 8 hours. She is able to sit for a total of about 6 out of 8 hours. She needs to alternate her position between sitting, standing, and walking for no more than five minutes out of every hour. She can occasionally climb ramps and stairs, and she can occasionally stoop, balance, and crouch, but she can never kneel, crawl, or climb ladders, ropes or scaffolds. She can perform fine and gross manipulation frequently but not constantly and is incapable of forceful grasping or torquing. She is limited to working in non-hazardous environments, *i.e.*, no driving at work, operating moving machinery, working at unprotected heights, and she should avoid concentrated exposure to unguarded hazardous machinery. She can understand, remember and carry out simple instructions. She can use judgment to make simple work-related decisions. She can tolerate occasional interactions with supervisors and coworkers. She can tolerate no interactions with the general public. She cannot perform work requiring a specific production rate such as assembly line work but can tolerate end of day quotas. She can deal with occasional changes in a routine work setting.

At step four, the ALJ concluded that Plaintiff would be unable to perform her past relevant work as a newspaper deliverer, medical assistant, waitress, or developmentally disabled aide. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff

3

can perform jobs existing in significant numbers in the national economy such as office helper, mail clerk, or routing clerk, leading to a finding that she is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to

4

the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the

6

claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ did not adequately explain the supportability and consistency factors in finding the medical opinion of Family Nurse Practitioner Bee Chang unpersuasive; (2) the ALJ failed to identify evidence that supported the mental and physical RFC restrictions he prescribed; and (3) the ALJ improperly concluded that Plaintiff's treatment frequency was inconsistent with her allegations without citing evidence to support that conclusion.

First, Plaintiff contends that improperly found that treating Family Nurse Practitioner Bee Chang's medical opinion was unpersuasive because the ALJ did not adequately explain the supportability and consistency factors. The Court agrees.

When addressing medical source opinions, the factors ALJs must consider are: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization of the source; and (5) other factors. 20 C.F.R. §

7

416.920c(c). Supportability and consistency are considered by the Social Security Administration to be the two most important factors. Supportability measures how much the objective medical evidence and supporting explanations presented by a medical source support the opinion. 20 C.F.R. §404.1520c(c)(1)). Consistency assesses how a medical opinion squares with other evidence in the record. 20 C.F.R. § 404.1520c(c)(2)). Because of their importance, ALJs must explain how these two factors were considered in the determination or decision. 20 C.F.R. § 416.920c(b)(2). In finding Ms. Chang's medical opinion unpersuasive, the ALJ failed to do so adequately.

Ms. Chang opined that Plaintiff's pain and symptoms produced work-preclusive limitations. In finding Ms. Chang's medical opinion unpersuasive, the ALJ noted that Plaintiff only saw Ms. Chang one to two times per year and that Plaintiff's self-reported difficulty with physical functioning "appear to have been the basis for Ms. Chang's opinion, as there were minimal findings on exam," citing normal findings with respect to constitutional, respiratory, cardiovascular, and psychiatric functioning. The ALJ also noted that Ms. Chang recommended that Plaintiff reduce sedentary time and increase active time, which the ALJ found to be inconsistent with Ms. Chang's findings. However, the ALJ did not cite any of the evidence in the record that was consistent or supportive of Ms. Chang's opinion. *See Herron*, 19 F.3d at 333 (An ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but

8

must consider all relevant evidence). As just one example, the record demonstrates that Plaintiff was diagnosed with osteoarthritis, had been having soft tissue injuries, had ongoing low back pain and bilateral knee pain, and had ongoing bilateral hand pain. The ALJ did not explain why Ms. Chang's medical opinion was unpersuasive despite this evidence. The Commissioner asserts that ALJs are not required to "touch on every entry in the record that does or does not support his conclusions." Here, however, the ALJ did not touch on *a single* entry in the record that did not support his conclusion with respect to Ms. Chang's medical opinion. Thus, substantial evidence does not support the ALJ's finding that Ms. Chang's medical opinion was not consistent or supported by the record. As such, this case must be remanded for further consideration.

     Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the ALJ (1) identifies evidence that supports the mental and physical RFC restrictions he prescribes and (2) cites evidence for his conclusion that Plaintiff's treatment frequency was inconsistent with her allegations.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's request to reverse the Commissioner's decision [Doc. No. 15] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                  **ENTERED:**

**DATE:**     **March 13, 2024**                  _____
                                                        **HON. MARIA VALDEZ**
                                                        **United States Magistrate Judge**